**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**VICKI WILLIAMS,**

    **Plaintiff,**

**vs.**     Case No. 4:10cv261-SPM/WCS

**BOARD OF COMMISSIONERS,
UNITED STATES COURT FOR
THE NORTHERN DISTRICT OF
FLORIDA,**

    **Defendants.**

_____/

**ORDER GRANTING IN FORMA PAUPERIS STATUS and
AMENDED REPORT AND RECOMMENDATION**

Plaintiff, who is *pro se*, submitted a civil rights complaint on June 25, 2010. Doc. 1. Plaintiff did not pay the filing fee for this case nor did she submit an *in forma pauperis* motion with the required supporting financial affidavit. I entered a report and recommendation on July 2, 2010, doc. 3, recommending dismissal. I noted in that report and recommendation that Plaintiff "has frequently sought to initiate cases in this Court, and she has frequently been advised that a civil action 'shall not be filed by the clerk until the fee is paid as required by 28 U.S.C. § 1914, unless the complaint . . . is accompanied by a motion for leave to proceed *in forma pauperis*.' " Doc. 3, *quoting* N.D.

Fla. Loc. R. 5.1(H). Because Plaintiff neither paid the fee nor filed an *in forma pauperis* motion, I recommended the case be dismissed. Doc. 3.

Plaintiff has now filed a motion for leave to proceed *in forma pauperis*, doc. 5. The motion is granted. However, that does not change the fact that the complaint, doc. 1, construed along with the recent submission of "statement of facts," doc. 4, fail to state a claim and should be summarily dismissed. Indeed, I noted in the original report and recommendation that "even if Plaintiff were to submit an *in forma pauperis* motion, the recommendation for dismissal would not be changed." Doc. 3.

Federal Courts have authority to dismiss a case filed *in forma pauperis*, if it is satisfied that the action is frivolous or malicious. The Supreme Court has recognized two types of cases which may be dismissed, *sua sponte*, pursuant to 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). The first class are "claim(s) based on an indisputably meritless legal theory," and the second class contain "claims whose factual contentions are clearly baseless." *Id.* This case meets both classes it it lacks an arguable basis in law and is also clearly removed from reality. Sultenfuss v. Snow, 894 F.2d 1277 (11th Cir. 1990), *citing* Neitzke. Dismissal is still appropriate.

**ORDER**

Accordingly, it is **ORDERED** that Plaintiff's motion for *in forma pauperis* status, doc. 5, is **GRANTED**. The Clerk of Court shall file the complaint without payment of the filing fee for this case.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that this action be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on July 9, 2010.

   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**